UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal Number:** |
| | : | |
| v. | : | |
| | : | |
| | : | **VIOLATION: 29 U.S.C. §439** |
| **RICHARD LYTER,** | : | **(False Entry in Books or Records)** |
| | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## INFORMATION

The United States informs the Court:

### Introduction

At all times material to this Information:

1. From in or about April 1999, to March 2001, defendant, RICHARD LYTER, was employed as the Executive Assistant to the General Secretary-Treasurer of the International Brotherhood of Teamsters (IBT).

2. The International Brotherhood of Teamsters (IBT) is an international labor organization located at 25 Louisiana Avenue, N.W., Washington, D.C., and represented approximately 1.4 million workers in various fields of employment affecting commerce within the meaning of 29 U.S.C. §§ 402(i) and 402 (j).

3. Defendant's duties as Executive Assistant to the General Secretary-Treasurer included developing budgets, updating the IBT's financial policies and reestablishing the IBT's internal financial controls including policies relating to the use of IBT issued credit cards.

4. While he was Executive Assistant to the General Secretary-Treasurer, defendant was issued an IBT credit card to use for expenses incurred in the course of conducting union business. The prevailing policies and procedures established at IBT made it clear that the credit card was not to be used for personal expenses.

5. When defendant charged a meal on his union credit card, he was required to complete an expense report or voucher listing details of the meal. These details included the date, time and place of the meal, the persons present at the meal and how the meal related to official union activity.

6. From in or about April 1999, when defendant was appointed Executive Assistant to the General Secretary-Treasurer, until he resigned his position in March 2001, defendant used the credit card issued to him by the IBT to pay for over 300 personal meals knowing that none of these meals had been authorized by the IBT. For each of these improperly charged meals, defendant submitted false expense reports to the IBT. In order to make the meals appear to be legitimate union expenditures, defendant completed the relevant expense reports with false business purposes and/or the names of IBT employees, officers and vendors who were not present at the meals.

7. Defendant submitted each of the false expense reports to the IBT. The IBT subsequently provided defendant with monetary reimbursement for the cost of the meals totaling $14,137.24.

## COUNT ONE

### (False Entry in Books or Records)

8. The allegations contained in paragraphs 1 through 7 of this information are realleged and incorporated as if fully set forth herein.

9. Commencing in or about April 1999, and continuing thereafter through in or about March 2001, within the District of Columbia, defendant Richard Lyter, while serving as Executive Assistant to the General Secretary-Treasurer at the International Brotherhood of Teamsters did willfully make and cause to be made a false entry in a record required to be kept by Section 436 of Title 29, United States Code, that is, an expense report that purported to demonstrate that meals were legitimate IBT expenditures, a record required to be reported in the annual financial report of the IBT, a labor organization, required to be filed with the Secretary of Labor. (False Entry in Books or Records, in violation of 29 U.S.C. §439)

KENNETH L. WAINSTEIN

United States Attorney
for the District of Columbia

By: _____
RONALD W. SHARPE
Assistant United States Attorney
D.C. Bar # 434575
United States Attorney's Office
Fraud and Public Corruption Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-9460